
FILED
2024 Mar-27  AM 11:55
U.S. DISTRICT COURT
N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
WESTERN DIVISION

| | |
|---|---|
| Cheyanne, Inc., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | 7:23-cv-01745-LSC |
| ) | |
| MFS Holdings, LLC (d/b/a ) | |
| Miller Formless Company and ) | |
| Miller Formless), ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM OF OPINION AND ORDER**

Before the Court is Defendant MFS Holdings, LLC's (hereinafter "MFS") Motion to Dismiss Plaintiff Cheyanne, Inc.'s (hereinafter "Cheyanne") Complaint. (Doc. 3.) Under Rule 8, a pleading must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). However, to withstand a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), a complaint "must plead enough facts to state a claim to relief that is plausible on its face." *Ray v. Spirit Airlines, Inc.*, 836 F.3d 1340, 1347–48 (11th Cir. 2016) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)) (internal quotation marks omitted). In evaluating the sufficiency of a complaint, this Court first "identif[ies] pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). This Court then "assume[s] the[]

veracity" of the complaint's "well-pleaded factual allegations" and "determine[s] whether they plausibly give rise to an entitlement to relief." *Id.*

In the Complaint, Cheyanne alleges one cause of action for breach of contract. (Doc. 1.) Specifically, Cheyanne alleges that the parties entered into an Agreement, with the effective date being April 1, 2023, whereby MFS agreed to rent a curbing machine to Cheyanne for $2,500.00 per month. (*Id.* ¶¶ 5–8.) This Agreement was attached to the Complaint and further indicates under "Payment Terms" that "[a]ll charges shall commence for the Effective Date of this Agreement." (Doc. 1-1 ¶ 2.) According to the Complaint, Cheyanne inquired about the delivery of the equipment on April 24, 2023 (Doc. 1 ¶ 9), to which MFS responded that the equipment would "hopefully be shipped" in May (*Id.* ¶10). On May 30, 2023, Cheyanne again inquired about the equipment's delivery date (*Id.* ¶ 12), to which MFS responded that a "loaner machine" would be available in mid-June (*Id.* ¶ 13). On June 13, 2023, Cheyanne again inquired about delivery, and MFS responded that a loaner would be sent the week of July 10. (*Id.* ¶¶ 14–17.) On July 6, 2023, Cheyanne followed-up with MFS to ensure that the equipment would be delivered (*Id.* ¶ 18), to which MFS replied on July 12, 2023 that the equipment was not ready for shipping but that they "should know [the] timeline this Friday" (*Id.* ¶ 19). The equipment was never delivered (*Id.* ¶ 21), despite Cheyanne informing MFS "multiple times of jobs Cheyanne had booked in reliance on the Agreement" (*Id.* ¶ 20). Because Cheyanne

did not receive the equipment and could not perform the jobs it had booked, Cheyanne allegedly lost over $300,000 of profits. (*Id.* ¶ 22.)

In support of its Motion to Dismiss, MFS raises three arguments. First, MFS argues that Cheyanne did not allege a valid contract because Plaintiff did not allege consideration or "that the parties agreed on the rental of a specific and identifiable piece of equipment." (Doc. 3 ¶ 8.) Second, MFS argues that Cheyanne "failed to allege its own performance under the alleged contract, as required by Alabama law to state a claim for breach of contract" (*Id.* ¶ 10) because Cheyanne does not allege that it actually paid rent or that it submitted a proof of insurance (*Id.* ¶ 11). Finally, MFS argues that Cheyanne has not alleged any damages. (*Id.* ¶ 11 n.1.)

The Court easily dispenses with the first argument. In the Complaint, Cheyanne alleges that it agreed to pay $2,500.00 per month in exchange for rental of the curbing machine. (Doc. 1 ¶ 7; Doc. 1-1.) Such is consideration. *See Smith v. Wachovia Bank, N.A.*, 33 So.3d 1191, 1197 (Ala. 2009) ("'To constitute consideration, a performance or a return promise must be bargained for,' and '[a] performance or return promise is bargained for if it is sought by the promisor *in exchange for his promise* and is given by the promisee *in exchange for that promise.*'" (quoting *Restatement (Second) of Contracts* § 71(1) and (2))). Further, MFS has not cited any support for the notion that Cheyanne had to allege that the parties agreed on the rental of a specific and identifiable piece of equipment. But

regardless, Cheyanne attached the contract to the Complaint, and the Contract states that the agreed upon equipment was "M-1000 RH, serial number to be determined." (Doc. 1-1 ¶ 1.); *see Associated. Builders, Inc. v. Ala. Power Co.*, 505 F.2d 97, 100 (5th Cir. 1974) ("[T]he appended document" is "to be treated as part of the complaint for all purposes.").[1] This is sufficient to identify the subject of the agreement.

The Court also easily dispenses with the argument that Cheyanne did not sufficiently allege damages. Cheyanne clearly alleges: "As a result of not receiving the Equipment as agreed and promised, Cheyanne was unable to complete the jobs it had booked, losing over $300,000 in profits during the summer of 2023." (Doc. 1 ¶ 22.) Accordingly, Cheyanne has alleged that it suffered damages resulting from the alleged breach of contract.

Lastly, the Court believes that MFS's argument regarding whether Cheyanne sufficiently pled its own performance, or an excuse for its nonperformance, is better suited for summary judgment or trial. As MFS has established, a plaintiff asserting breach of contract must establish that it either substantially performed its end of the contract or its nonperformance was excused. *See Old Town II, LLC v. Oppidan Holdings, LLC*, No. 5:20-cv-01023, 2021 WL 2586813, at *10 (N.D. Ala. Mar. 8, 2021). Cheyanne has argued that its performance was not yet required due to the

---

[1] Fifth Circuit Opinions prior to October 1, 1981 are binding in the Eleventh Circuit and thus on this Court. *See Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc).

repeatedly delayed delivery of the equipment and because MFS anticipatorily repudiated the contract. (Doc. 9 ¶ 4.) These arguments involved factual determinations that are not suitable at the motion to dismiss stage.

Accordingly, MFS's Motion to Dismiss is DENIED. (Doc. 3.) The parties are directed to proceed as scheduled.

**DONE** and **ORDERED** on March 27, 2024.

_____
L. Scott Coogler
United States District Judge

215755